# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL LEVY, )
)
          Plaintiff, )   Case No.: 2:14-cv-01636-GMN-NJK
  vs. )
) **ORDER**
MANDALAY CORP., a Nevada corporation, )
dba MANDALAY BAY RESORT & )
CASINO, )
)
          Defendant. )
)

Pending before the Court is a civil action filed by Plaintiff Daniel Levy ("Plaintiff") against Defendant Mandalay Corp. ("Mandalay"). (Complaint, ECF No. 1). Mandalay filed a Partial Motion to Dismiss (ECF No. 6). Plaintiff filed his Response in Opposition (ECF No. 8) and a Countermotion to Amend the Complaint (ECF No. 9). Mandalay subsequently filed a Reply in Support of its Partial Motion to Dismiss (ECF No. 13) and a Response to Plaintiff's Countermotion to Amend (ECF No. 14), and Plaintiff filed a Reply in Support of his Countermotion to Amend the Complaint (ECF No. 16).

**I.     BACKGROUND**

According to his Complaint, Plaintiff is a Jewish man who was employed as a front desk agent at Mandalay from January 2012 until he was terminated on or about January 8, 2013. (Complaint ¶¶ 14–16, 18 ECF No. 1).

Plaintiff alleges that during his employment with Mandalay, he was discriminated against because of his religion. (*Id.* ¶ 17). Specifically, Plaintiff alleges that while working for Mandalay, Plaintiff was told by a coworker that the coworker should have "married a rich Jew," and other coworkers told him that "money comes to Jews," Jewish customers were "rude

and cheap," a Jewish customer was "probably trying to milk some money from the hotel," and that a coworker "hate[s] white people, especially those Jews that run the city." (*Id.*). Further, Plaintiff alleges coworkers removed religiously significant headgear from Plaintiff's head and ridiculed him by showing him a picture of a coworker dressed in costume as an Orthodox Jewish man. (*Id.*). Additionally, Plaintiff alleges he was asked to work on Shabbat and Yom Kippur, was disciplined for leaving early as part of his religious observance of Yom Kippur, and was told it would be "difficult" for him to get promoted because he declined to work on Shabbat. (*Id.*). Plaintiff alleges he was advised that he should go to a less desirable property to receive religious accommodation. (*Id.*). Plaintiff further alleges that he was not promoted to Head Cashier and that "someone" with inferior qualifications received the position. (*Id.*).

After obtaining his "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission, Plaintiff filed his Complaint on October 6, 2014, asserting three causes of action: (1) unlawful religious discrimination in violation of Title VII, (2) unlawful retaliation in violation of Title VII, and (3) negligent hiring, supervision, and training. (*Id.* ¶¶ 11–36). In response to the Complaint, Mandalay filed the pending Partial Motion to Dismiss, seeking dismissal of Plaintiff's claims for religious discrimination under a disparate treatment theory, retaliation, and negligent hiring, supervision, and training.

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court should "freely" give leave to amend "when justice so requires" and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. Count 1: Religious Discrimination

Count one of Plaintiff's Complaint is for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) ("Title VII") and is premised on allegations of religious discrimination under a disparate treatment theory.[1]

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, [or] religion . . . ." 42 U.S.C. § 2000e–2(a)(1). To make out a *prima*

---

[1] The first count of Plaintiff's Complaint also contained a reference to racial discrimination in violation of Title VII. *See* (Compl. ¶ 20e, ECF No. 1). However, in his Response in Opposition, Plaintiff admitted that this reference was a typographical error and asked the Court to dismiss any claim of racial discrimination that was inadvertently pled. (Resp. 11:3–5 n.26, ECF No. 8). Accordingly, to whatever extent Plaintiff alleged a claim for racial discrimination under Title VII, that claim is dismissed.

*facie* claim of discrimination under a disparate treatment theory, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).  Furthermore, this Court has held that similarly situated individuals must be identified with specificity to create an inference that the employer's motivations were based on the plaintiff's status as a member of a protected class and that similarly situated employees outside of the protected class and identified as such were treated more favorably. *McKinney v. Sands Expo & Convention Ctr., Inc.*, No. 2:11-cv-02081-GMN-VCF, 2013 WL 3285312, at *4 (D. Nev. June 26, 2013) ("everyone" is not specific enough to identify similarly situated individuals outside of the protected class that were treated more favorably than the plaintiff in a racial discrimination case).

     Here, Plaintiff fails to identify a similarly situated individual outside of the Jewish faith who was treated more favorably by Mandalay.  As in *McKinney*, where "everyone" was not sufficient to specifically identify similarly situated individuals outside of the protected class that were treated more favorably than the plaintiff, in his Complaint, Plaintiff alleges that "someone" was promoted over him. (Complaint ¶ 17, ECF No. 1).  The Complaint does not identify whether or not the "someone" was Jewish or was similarly situated. *Id.*  Even if the Court infers that "someone" is Jessica Baal or Paul Jin, the only identified individuals who received promotions, neither Baal nor Jin has been identified as non-Jewish or as similarly situated to Plaintiff in the Complaint. *See generally* (*Id.*; EEOC Questionnaire, ECF No. 1-1).  Accordingly, there are no allegations to support the fourth element of a disparate treatment claim other than the conclusory statement that Plaintiff was subject to disparate treatment, which is insufficient to satisfy the pleading standards under *Iqbal* and *Twombly*. (Complaint ¶

21, ECF No. 1). However, because Plaintiff may be able to amend his Complaint to sufficiently plead in religious discrimination claim, amendment does not appear to be futile at this time. Therefore, Plaintiff's religious discrimination claim is dismissed without prejudice.

### B. Count 2: Retaliation

Count two of Plaintiff's Complaint is for unlawful retaliation in violation of Title VII. However, Plaintiff has not pled sufficient factual allegations to establish a retaliation claim.

Employers may not discriminate against any individual that "has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e–3. Retaliation occurs when the plaintiff: (1) engaged in an activity protected under Title VII; (2) the plaintiff's employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Thomas v. City of Beaverton*, 379 F.3d 802, 811 (9th Cir. 2004) (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir.2000)). More specifically, "[i]n order to make out a prima facie case of discrimination based on opposition to an unlawful employment practice[, a plaintiff] must show that (1) he engaged in a statutorily protected activity (i.e., that he protested or otherwise opposed unlawful employment discrimination directed against employees protected by Title VII); (2) subsequently, he was disciplined or lost his job; and (3) a causal link exists between the protected activity and the adverse action." *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

Here, Plaintiff has failed to sufficiently plead that he engaged in a protected activity, such as opposing unlawful discrimination. In the Complaint, Plaintiff vaguely asserts that he made "complaints" about religious-based harassment and anti-Jewish bigotry and "stated opposition" to it. (Complaint ¶ 17, 25–26, ECF No. 1). However, without a more substantial factual basis, these conclusory statements are a mere recitation of the first element and do not satisfy the pleading requirements under *Twombly* and *Iqbal*. Accordingly, Plaintiff's retaliation claim must be dismissed. Again, however, because amendment does not appear to be futile,

this cause of action is dismissed without prejudice.

**C.     Count 3: Negligent Hiring, Supervision, and Training**

Count three of Plaintiff's Complaint is for the common law tort of negligent hiring, supervision, and training.

This Court has identified the elements for negligent supervision and training as "(1) a general duty on the employer to use reasonable care in the training and/or supervision of employees to ensure that they are fit for their positions; (2) breach; (3) injury; and (4) causation." *Reece v. Republic Servs., Inc.*, No. 2:10-cv-00114-GMN-RJJ, 2011 WL 868386, at *11 (D. Nev. Mar. 10, 2011) (citing *Lambey v. Nevada*, No. 2:07-cv-01268-RLH-PAL, 2008 WL 2704191, at *4 (D. Nev. July 3, 2008)).  However, as it is currently pled, Plaintiff's claim must fail because a claim for negligent hiring, supervision, and training cannot be premised on violations of employment discrimination laws.

The Supreme Court of Nevada has consistently held that Nevada Revised Statutes § 613.330 et seq. precludes tort claims premised on illegal employment practices. *See Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989) ("the Legislature has addressed the gravity of violating Nevada's public policy against age discrimination by defining the extent of the remedy available to parties injured by such discrimination."); *D'Angelo v. Gardner*, 819 P.2d 206, 217 n.10 (1991) ("no additional court-created remedies ... arise out of age-based wrongful discharge for which tort recovery is available by statute.").  More recently, this Court found that the statutory remedies available for race and gender discrimination under Nevada Revised Statutes § 613.330 precluded a negligent training and supervision claim where the plaintiff alleged the same illegal employment practices underlying the plaintiff's discrimination claims. *Jackson v. Universal Health Servs., Inc.*, No. 2:13-cv-01666-GMN-NJK, 2014 WL 4635873, at *3-4 (D. Nev. Sept. 15, 2014).

Here, Nevada Revised Statutes § 613.330 prohibits discrimination based on religion, an

illegal employment practice, so Plaintiff may not bring an additional common law tort claim for negligent hiring, supervision, and training because the statute precludes an additional remedy for illegal employment practices.  Nev. Rev. Stat. § 613.330.  Plaintiff has not alleged any factual basis to support his negligent hiring, supervision, and training claim separate from the allegations used to support his religious discrimination claims.  At this time, however, it is unclear whether Plaintiff could amend his Complaint to allege a basis for a negligent hiring, supervision, and training claim that is not precluded by statute.  Therefore, the Court will dismiss this cause of action without prejudice to allow Plaintiff the opportunity to sufficiently plead alternative grounds.

### D. Motion to Amend

Plaintiff filed a motion requesting to file an amended complaint should this Court dismiss any of his causes of action in the Complaint. (Countermotion to Amend, ECF No. 9). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto*, 957 F.2d at 658.  Because Plaintiff's claims were dismissed without prejudice, the Court will allow Plaintiff to file an amended complaint. However, Local Rule 15-1 requires that a party moving to amend a pleading must attach the proposed amended pleading to their Motion to Amend. D. Nev. L.R. 15-1.  Plaintiff did not attach a proposed amended pleading to his motion.  Therefore, the Court must deny Plaintiff's Countermotion to Amend.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (ECF No. 6) is **GRANTED**.  Plaintiff's claims of religious discrimination and retaliation in violation of Title VII alleged in Counts one and two of the Complaint and the claim of negligent hiring, supervision, and training in Count three of the Complaint are **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint

correcting the deficiencies identified in this Order.  Failure to file an amended complaint by this deadline may result in dismissal of Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion to Amend (ECF No. 9) is **DENIED**.

**DATED** this 10th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge