**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL LEVY, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-01636-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| MANDALAY CORP., a Nevada corporation, ) | |
| dba MANDALAY BAY RESORT & ) | |
| CASINO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is a civil action filed by Plaintiff Daniel Levy ("Plaintiff") against Defendant Mandalay Corp. ("Mandalay"). (Am. Compl., ECF No. 27). Mandalay filed a Motion to Dismiss the Third Claim in Plaintiff's Amended Complaint (ECF No. 29). Plaintiff filed his Response in Opposition (ECF No. 30), and Mandalay subsequently filed a Reply (ECF No. 31).

**I.     BACKGROUND**

According to his Amended Complaint, Plaintiff is a Jewish man who was employed as a front desk agent at Mandalay from January 2012 until he was terminated on or about January 8, 2013. (Am. Compl. ¶¶ 14–16, 18, ECF No. 27).

Plaintiff alleges that during his employment with Mandalay, he was discriminated against because of his religion. (*Id.* at ¶ 17). Specifically, Plaintiff alleges that while working for Mandalay, Plaintiff was told by a coworker that the coworker should have "married a rich Jew," and other coworkers told him that "money comes to Jews," Jewish customers were "rude and cheap," a Jewish customer was "probably trying to milk some money from the hotel," and that a coworker "hate[s] white people, especially those Jews that run the city." (*Id.*). Further,

Plaintiff alleges coworkers removed religiously significant headgear from Plaintiff's head and ridiculed him by showing him a picture of a coworker dressed in costume as an Orthodox Jewish man. (*Id.*). Additionally, Plaintiff alleges he was asked to work on Shabbat and Yom Kippur, was disciplined for leaving early as part of his religious observance of Yom Kippur, and was told it would be "difficult" for him to get promoted because he declined to work on Shabbat. (*Id.*). Plaintiff alleges he was advised that he should go to a less desirable property to receive religious accommodation. (*Id.*). Plaintiff further alleges that he was not promoted to Head Cashier or Assistant Front Desk Manager. (*Id.*). Instead, Plaintiff claims Jeff Chasten and Jessica Baal, employees that were not Jewish and had inferior qualifications, received the positions. (*Id.*).

After obtaining his "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission, Plaintiff filed his first Complaint asserting three causes of action: (1) unlawful religious discrimination in violation of Title VII, (2) unlawful retaliation in violation of Title VII, and (3) negligent hiring, supervision, and training. (Compl., ¶¶ 9, 11–36, ECF No. 1). The Court dismissed all claims without prejudice for failure to state a claim and gave leave to amend. (Order Granting MTD, ECF No. 25). In response, Plaintiff filed an Amended Complaint, which added factual allegations to the first claim, withdrew the second claim, and reasserted the third claim without modification. (Am. Compl., ECF No. 27). Mandalay filed the pending Motion to Dismiss (ECF No. 29) seeking dismissal of Plaintiff's third claim for negligent hiring, supervision, and training for failure to state a claim.

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions

couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court should "freely" give leave to amend "when justice so requires" and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Plaintiff's third cause of action for negligent hiring, supervision, and training was first dismissed for failure to state a claim because it was "premised on violations of employment discrimination laws," and under Nevada law, plaintiffs may not premise a negligent hiring, supervision, and training claim on violations of employment discrimination statutes. (Order Granting MTD 6:10–14, 7:1–3, ECF No. 25) (citing *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989) ("the Legislature has addressed the gravity of violating Nevada's public policy against age discrimination by defining the extent of the remedy available to parties injured by

such discrimination."); *D'Angelo v. Gardner*, 819 P.2d 206, 217 n.10 (1991) ("no additional court-created remedies . . . arise out of age-based wrongful discharge for which tort recovery is available by statute.")). The Court gave leave to amend to allow Plaintiff an opportunity to find an alternative factual basis to support his claim. (*Id.* 7:3–9).

In his Amended Complaint, Plaintiff reasserts his negligent hiring, supervision, and training claim exactly as it was pled in his original Complaint. Plaintiff stated he "elects not to amend this claim from what was pled in the original Complaint" and instead "elects to re-ple[a]d this claim for the sole purpose of preserving Plaintiff's right to appeal . . . ." (Am. Compl. ¶ 29, ECF No. 27). Plaintiff further explains this election in his Response by stating: "The law on negligent hiring, supervision and training is ill-defined by the Nevada Supreme Court and is continuing to evolve throughout the country." (Resp. 3:5–7, ECF No. 30).

Plaintiff has failed and acknowledges he has failed to address the concerns the Court expressed when it first dismissed his third cause of action. (*Id.*). As nothing in the claim has changed, the same reasoning for dismissal discussed in this Court's previous Order still applies, and Plaintiff's claim is again dismissed on those grounds. Because Plaintiff has communicated that he has no intention of amending his claim, it is dismissed with prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Mandalay's Motion to Dismiss the Third Claim in Plaintiff's Amended Complaint (ECF No. 29) is **GRANTED**. Plaintiff's claim of negligent hiring, supervision, and training is **DISMISSED with prejudice**.

**DATED** this 11th day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge